

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. P. Herms, Jr.
County Attorney
Waller County
Hempstead, Texas

Dear Sir:

Opinion No. O-2676
Re: Commissioners' Courts have authority to rent office space and pay the regular monthly utility bills, such as gas, lights and water of Federal Government agencies engaged in the administration of relief of unemployed and needy people. Commissioners' Courts have authority to furnish office space, lights, gas and water for county agricultural agent.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"The question has arisen as to whether this county can legally pay certain expenses of Federal Government Agencies, namely, Farm Security Administration, School Lunch Project, AAA Office, NYA Home, County Agents' Office and Relief Office.

"1. The Farm Security Administration is housed in a privately owned building the rent for which is paid by Waller County, together with all utility bills--lights, gas, and water.

"2. The county rents a privately owned building for School Lunch Project and pays utility bills--lights, gas, and water.

"3. This county pays rent on NYA Home here.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable W. P. Herms, Jr., Page 2

"4. This county furnished utilities—
lights, gas, and water, for County
Agents office, AAA office and Relief
office, all of which institutions are
housed in one building belonging to
this county, but separate from the
Court House building and adjacent
thereto.

"I shall greatly appreciate your opinion
as to the legality of each of the above expendi-
tures."

Section 1 of Article 2372e-2, Vernon's Annotated
Texas Civil Statutes, provides:

"Section 1. The County Commissioners
Courts and the City Commission of any incor-
porated town or city of this State are hereby
authorized to lease, rent, or provide office
space for the purpose of aiding and cooperat-
ing with the agencies of the State and Fed-
eral Governments engaged in the administration
of relief to the unemployed or needy people
of the State of Texas, and to pay the regu-
lar monthly utility bills for such offices,
such as lights, gas, and water; and when in
the opinion of a majority of a Commissioners
Court of a county such office space is essen-
tial to the proper administration of such
agencies of either the State or Federal
Governments, said Court is hereby specifically
authorized to pay for same and for the regu-
lar monthly utility bills for such offices
out of the County's General Fund by warrants
as in the payment of such other obligations
of the county."

Opinion No. O-2217 (conference opinion No. O-2099)
of this department construes the above quoted statute. We
quote from said opinion as follows:

"You will note that the authority ex-
tended by the preceding article is limited

Honorable W. P. Herms, Jr., Page 3

> to the provision of office space for the
> purpose of aiding and cooperating with the
> agencies of the State and Federal Govern-
> ments engaged in the administration of
> relief of the unemployed and needy people
> of the State of Texas. As to Federal
> agencies so engaged, your fourth question
> and that part of the second relating to
> utility bills is answered in the affirma-
> tive. A Commissioners' Court could not
> extend such assistance to any Federal or
> State agency not so engaged."

We do not have sufficient information relative to
the Farm Security Administration and NYA home to determine
whether or not such Federal agencies are engaged in the ad-
ministration of relief of the unemployed and needy people
of this State, and the answer to these questions will be
determined by the facts.

Our information relative to the Federal School
Lunch Project is meagre. However, we understand that the
purpose of the Federal School Lunch Project is to provide
meals for needy children; if this be true we think the
Commissioners' Court would have authority to pay office
rent, lights, gas and water bills for such Federal agency.

It is our opinion that the Commissioners' Court
would have authority to pay office rent, gas, light and
water bills for the Relief office.

It is our further opinion that the Commissioners'
Court would have authority to pay the expenses described
for the County Agricultural Agent's office under authority
of Article 164, Vernon's Annotated Texas Civil Statutes.
See opinion No. O-2516 of this department, a copy of which
is enclosed herewith for your information, which opinion
also holds that the Commissioners' Court is not authorized
to expend county funds for the housing of the Agricultural
Adjustment Administration of the Federal Government.

We understand that the Agricultural Adjustment
Administration of the Federal Government is not engaged in
the administration of relief of the unemployed and needy

people of this State. It is therefore our opinion that the Commissioners' Court would have no authority to expend county funds for office rent, lights, gas and water bills of the AAA.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 26 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By        Wm. J. Fanning
             Assistant

WJF:GC

ENCLOSURE

APPROVED
OPINION
COMMITTEE
BY WRK
CHAIRMAN